UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE ALMENDAREZ, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-37 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION TO DISMISS
CASE FOR FAILURE TO PROSECUTE**

Petitioner filed this prisoner habeas corpus petition pursuant to 28 U.S.C. § 2254 on February 5, 2014. The U.S. District Clerk notified Petitioner his pleading was deficient for failure to pay the filing fee or, alternatively, for failing to file an application to proceed *in forma pauperis*. (D.E. 5).[1] Petitioner was directed to either pay the filing fee or to file a certified copy of his inmate trust fund statement with his application. Petitioner was directed to comply by February 26, 2014, and notified that failure to comply may result in his case being dismissed for want of prosecution. Fed. R. Civ. P. 41(b). Petitioner did not comply.

On March 12, 2014, this Court entered a Notice of Deficiency and ordered Petitioner to either pay the $5.00 filing fee or submit an IFP application along with a copy of his trust fund statement no later than April 14, 2014. (D.E. 7) Petitioner was

---

[1] Petitioner filed his prisoner trust account statement but did not file an application for leave to proceed *in forma pauperis*. (D.E. 2). Additionally, the account statement was not clear and is unreadable in large part.

specifically cautioned to file a <u>legible</u> certified copy of his trust fund account statement. (D.E. 7, Page 2). Petitioner was again notified that failure to comply may result in dismissal for want of prosecution. Fed. R. Civ. P. 41(b). Plaintiff failed to comply with the Court's order. On March 26, Petitioner filed an unsigned application to proceed *in forma pauperis* and his prisoner trust fund account statement was again not legible. (D.E. 9 and D.E. 10).

On March 27, 2014, this Court again notified Petitioner that he must file a <u>signed</u> application to proceed *in forma pauperis* and a <u>legible</u> trust fund account statement, including the date of the statement and the amount of deposits. (D.E. 11). The Court then directed Petitioner to either remit the required $5.00 filing fee or to submit a *fully-completed and signed* application for leave to proceed *in forma pauperis* and a *legible* certified copy of his trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint on or before April 28, 2014. (D.E. 11). Additionally, Petitioner was warned that "his case [was] perilously close to being dismissed for failure to comply with orders of the Court." *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); Fed. R. Civ. P. 41(b). Petitioner received this notice on April 8, 2014. (D.E. 12). Petitioner did not comply.

On May 9, 2014, Petitioner was ordered to show cause, within thirty days, why his lawsuit should not be dismissed for want of prosecution. (D.E. 13). Petitioner was notified that failure to comply with the show cause order would result in a recommendation to dismiss Petitioner's case and that the order to show cause was the final notice of deficiency. (D.E. 13, Page 3); Fed. R. Civ. P. 41. Petitioner has again

failed to comply.  It has been over four months since Petitioner's initial notice of deficiency.

Therefore, it is respectfully recommended that Petitioner's case be **DISMISSED** pursuant to Fed. R. Civ. P. 41(b). *See also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997)(holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute).

ORDERED this 20th day of June, 2014.

                                              Jason B. Libby
                                    United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).